IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JAMES P. LAMERS, )
)
    Plaintiff, )
)
v. ) No. 1:08cv101 (LMB/TCB)
)
ORGANIZATIONAL STRATEGIES, INC., )
)
    Defendant. )

## MEMORANDUM OPINION

On January 31, 2008, plaintiff James P. Lamers filed a complaint against his former employer, defendant Organizational Strategies, Inc. ("OSI"), alleging that OSI breached its oral and written contracts when it failed to distribute stock options to him between November 2000 and May 2005. OSI has filed a Motion to Dismiss. For the reasons stated in this memorandum opinion, the motion will be granted.[1]

## Background

On October 12, 1999, OSI offered Lamers the position of "Vice-President - Operations Analyst." Compl. ¶ 10. On October 15, OSI issued an Executive Incentive Letter to Lamers detailing his compensation plan. Of greatest relevance, it provided for the issuance of a non-qualified stock option plan, allowing Lamers to purchase up to ten percent of the total OSI stock at par value if OSI won a competitive-bid contract with the United

---

[1] The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before it and argument would not aid the decisional process.

States Customs Service. Id. ¶ 11. OSI was awarded the contract, and the stock options were exercisable any time after November 1, 2000. Id. ¶ 13.

Every six months, from November 2000 through December 2004, Lamers inquired with William Hendricks[2] about the distribution of the options. Id. ¶ 14. Hendricks told him that the company had applied for a Section 8(a) designation with the Small Business Administration, and that issuance of the stock option plan would require OSI to amend its SBA application, thereby jeopardizing the company's ability to secure several government contracts that were out for bid at the time. Id. ¶¶ 15-16. On at least eight occasions, Hendricks told Lamers that it "would make good on its 1999 stock promise" as soon as the SBA application was approved. Id. ¶ 17. On one occasion in late 2001, Hendricks also told Lamers that he could not issue the stock options without approval from other family members who had loaned him money to capitalize OSI. Id. ¶ 18.

A February 2005 meeting between Lamers and Nicollet Hendricks produced a similar response - that "there was a lot of stuff going on in the company with contracts" and the stock options would be completed "in the near future." Id. ¶ 20.

On March 25, 2005, Lamers sent an email to William Hendricks

---

[2] Although their titles are not explicitly identified, the Complaint treats William Hendricks and Nicollet Hendricks as key officers or agents of OSI. See Compl. ¶¶ 5-6.

-2-

complaining about OSI's failure to issue his stock options and requesting resolution of the matter before the end of the summer. Id. ¶ 21. During the first week of April, Nicollet Hendricks again promised that the distribution would occur soon. Id. ¶ 22. On May 19, 2005, Lamers submitted his resignation based on his suspicion that "OSI was not going to . . . offer [him] the stock." Id. ¶ 24.

On January 31, 2008, Lamers filed this diversity action against OSI, Williams Hendricks, and Nicollet Hendricks for breach of written and oral contracts. On March 12, 2008, Lamers voluntarily dismissed William Hendricks and Nicollet Hendricks as named defendants in this action. OSI has filed a Motion to Dismiss, arguing that all of plaintiff's claims are time-barred under the Virginia statutes of limitations, which all parties agree apply to this litigation.

## Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss should only be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

Discussion

I.  Breach of Written Contract (Count I)

In Virginia, the statute of limitations for a breach of a written contract is five years, Va. Code § 8.01-246(2), and the limitations period runs from the date of the breach. § 8.01-230. According to the complaint, OSI failed to distribute the stocks options on November 1, 2000. Accordingly, any action for breach of the written agreement should have been brought by November 1, 2005. The instant complaint, filed on January 31, 2008, is therefore untimely.

Lamers invokes the doctrine of equitable estoppel to avoid the statute of limitations. The doctrine of equitable estoppel "bars a statute of limitations defense by a defendant who, by his own conduct, lulls another into a false security." Datastaff Tech. Group, Inc. v. Centex Const. Co., 528 F. Supp. 2d 587, 593 (E.D. Va. 2007). In this case, Lamers claims that OSI's representations about the impending issuance of his stock options induced him "to refrain from filing suit . . . within the statutory limitation period." Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheet Metal, Inc., 266 S.E.2d 887, 890 (Va. 1980).

A plaintiff asserting equitable estoppel must prove the following elements:

> (1) A material fact was falsely represented or concealed; (2) The representation or concealment was

   made with knowledge of the fact; (3) The party to whom
   the representation was made was ignorant of the truth
   of the matter; (4) The representation was made with the
   intention that the other party should act upon it; (5)
   The other party was induced to act upon it; and (6) The
   party claiming estoppel was misled to his injury.

Id. Furthermore, a plaintiff must show that his reliance on the defendant's misrepresentations was reasonable. See Tuomala v. Regent Univ., 477 S.E.2d 501, 506 (Va. 1996).

  Lamers cannot make such a showing. OSI failed to distribute the stocks options on November 1, 2000. Lamers accepted the same tired explanations from OSI - that the pending SBA application and government contracting requirements prevented issuance of the stock options - until March 25, 2005, when he finally made an affirmative demand. Such reliance might have been reasonable for the first year or so, but not for four and one-half years.

  Equitable estoppel also requires a plaintiff to show that he diligently pursued his legal claims after the cessation of defendant's misrepresentations. See Learning Works, Inc. v. The Learning Annex, Inc., 830 F.2d 541, 545 (4th Cir. 1987) ("In order to claim the benefit an equitable estoppel, the party asserting the estoppel must have acted in good faith and with reasonable diligence."); see also Abbas v. Dixon, 480 F.2d 636 (2d Cir. 2007) ("The plaintiff bears the burden of showing that the action was brought within a reasonable period of time after the facts giving rise to the . . . equitable estoppel claim have ceased to be operational.") (internal quotation and citation

omitted); 51 Am. Jur. 2d Limitation of Actions § 385 (2d. ed. 1996) ("Even if the grounds exist for estopping a defendant from pleading the statute of limitations, estoppel will be denied if the plaintiff fails to exercise due diligence in filing the action after such grounds cease to be operational . . . .").

In this case, Lamers resigned on May 19, 2005 because OSI "had breached the agreements in the Executive Incentive Letter." Compl. ¶ 24. At this point, Lamers had nearly five and one-half months before the statute of limitations period ran to initiate a timely action for breach of contract.[3] Instead, he waited until January 31, 2008 – some 32 months – before filing his complaint. This excessive delay negates any inference of causation between OSI's misrepresentations about the stock options and Lamers's failure to initiate legal action within the limitations period.

For these reasons, Lamers suit for breach of a written contract is barred by the statute of limitations.

II. Breach of Oral Contract (Count II)

Lamers has also sued for breach of an oral contract. He asserts that his numerous conversations with the Hendricks in

---

[3] Cf. Pagliarini v. Iannaco, 800 N.E.2d 696, 698 (Mass. 2003) (noting that "equitable estoppel will not apply if a reasonable time remains within the limitations period for filing the action once the circumstances inducing the delay have ceased"); Butler v. Mayer, Brown & Platt, 704 N.E.2d 740, 745 (Ill. App. 1998) ("Equitable estoppel will not apply if the defendant's conduct ended within ample time to allow a plaintiff to avail himself of his legal rights under the statute of limitations."); Ochs v. Federal Ins. Co., 447 A.2d 162, 168 (N.J. 1982) (same).

early 2005 constitute an oral agreement in which OSI agreed to distribute stock options in exchange for his continued employment.

A contract requires an offer, acceptance, and valuable consideration. For an oral contract to be valid and enforceable in Virginia, the terms of the contract must be "reasonably certain, definite and complete to enable the parties and the courts to give the agreement exact meaning." Richardson v. Richardson, 392 S.E.2d 688, 690 (Va. App. 1990), overruled on other grounds, Flanary v. Milton, 556 S.E.2d 767, 768 (Va. 2002).

As the complaint describes the conversations, which plaintiff characterizes as oral contracts, OSI did not promise to distribute stock options to Lamers in exchange for his continued employment with the company. Rather, OSI merely promised to distribute the stock upon completion of its own paperwork. See Compl. ¶ 19 ("Mrs. Hendricks explicitly represented . . . that OSI was currently putting together the paperwork to fulfill its stock promise to Lamers in 'the near future.'"); ¶ 20 ("Mrs. Hendricks represented to Lamers that OSI would complete its work on his stock 'paperwork' 'in the near future.'"); ¶ 22 ("[S]he again promised Lamers that OSI would distribute stock options to Lamers as soon as the paperwork was complete.").

Put succinctly, there was no definite bargained-for exchange in these conversations. OSI simply reaffirmed its (questionable)

intent to satisfy the terms of Lamers's original employment agreement in the near future.[4] This does not constitute the creation of a new contract because there was no consideration. See Seward v. N.Y. Life Ins. Co., 152 S.E. 346, 350 (Va. 1930) ("The general rule is that a new promise, without other consideration than the performance of an existing contract in accordance with its terms, is a naked promise without legal consideration therefor and unenforceable.").

Because the complaint has failed to allege the elements of an enforceable oral contract, this claim must also be dismissed.

## Conclusion

For these reasons, defendant's Motion to Dismiss will be GRANTED. A separate order consistent with this opinion will be entered.

Entered this 24th day of March, 2008.

/s/ _____
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia

---

[4] These facts more accurately describe the elements of fraud - that OSI knowingly and intentionally made false representations to Lamers in early 2005 about the distribution of his stock options with the intent to mislead him, and that Lamers relied on those representations to his detriment. However, the statute of limitations for fraud claims in Virginia is two years. See Va. Code. § 8.01-243. Any fraud claim is thus untimely.